UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2008 FEB 12 A 10: 31

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shirley R. Rochester, *Next Best Friend to Julian E. Rochester, Brother*, <br><br>  Petitioner, <br><br> vs. <br><br> U.S. Gov; <br> President Bush; <br> President Clinton; <br> State; <br> Gov. Sanford; <br> SCDC; <br> NFN Padula, et al., <br><br>  Respondents. | C/A No. 2:08-0427-HMH-RSC <br><br><br><br><br> Report and Recommendation |

### Background of this Case

This is a mandamus action filed by a *pro se* litigant on behalf of her brother, who is confined in the South Carolina Department of Corrections (SCDC). Under Local Civil Rule 73.02(B)(2), pretrial proceedings in this action have been automatically referred to the undersigned United States Magistrate Judge.

The petitioner's brother, Julian Edward Rochester (SCDC Inmate # 171519) is an inmate of the South Carolina Department of Corrections (SCDC) and is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-35 & n. * (4th Cir. 1977). *See also* Order of January 29, 1996, in the matter entitled *In Re:*

1

*Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

The petition, which is styled as a writ of mandamus-habeas corpus, appears to have been prepared for the petitioner by her brother, who is currently confined at the Infirmary of the Kirkland Correctional Institution. The petitioner seeks her brother's release from prison.[1]

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

---

[1] The petitioner's brother has nine (9) prior habeas corpus cases concerning his 1990 convictions (for criminal sexual conduct and other charges) entered in the Court of General Sessions for Oconee County. The prior habeas corpus cases relating to the 1990 convictions are Civil Action No. 2:06-3012-HMH-RSC; Civil Action No. 2:99-0785-20AJ; Civil Action No. 2:99-0705-20AJ; Civil Action No. 2:99-0298-20AJ; Civil Action No. 2:98-0146-21AJ; Civil Action No. 2:97-3924-20AJ (formerly Civil Action No. 2:97-3924-21AJ); Civil Action No. 2:94-1333-21AJ; Civil Action No. 3:93-2670-21AJ; and Civil Action No. 2:03-2463-20AJ.

The petitioner's brother also filed a habeas corpus action for a conviction for assault and battery with intent to kill, which was entered in the Court of General Sessions for Oconee County on October 9, 1981. *See* pleadings in *Julian Edward Rochester v. State of South Carolina, et al.*, Civil Action No. 2:03-2058-20AJ. Civil Action No. 2:03-2058-20AJ was dismissed *without prejudice* on August 28, 2003, because the petitioner was not "in custody" on the conviction entered in 1981. The petitioner's appeal in Civil Action No. 2:03-2058-20AJ was not successful. On September 23, 2004, the United States Court of Appeals for the Fourth Circuit dismissed the appeal and denied a certificate of appealability. *Rochester v. State of South Carolina*, 109 Fed.Appx. 608, 2004 U.S.App. LEXIS® 20223 (4th Cir, Sept. 23, 2004).

the Prison Litigation Reform Act, habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc), cert. denied, 516 U.S. 1177  (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);\*\* *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), cert. denied, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, *Leeke v. Gordon*, 439 U.S. 970 (1978).

As the petitioner is a *pro se* litigant, her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); *Cruz v. Beto*, 405 U.S. 319 (1972);   *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the petition is still subject to summary dismissal.  The requirement of

---

\*\**Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The petitioner does not have standing to bring suit on behalf of her incarcerated brother. See *Laird v. Tatum*, 408 U.S. 1 (1972); *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Flast v. Cohen*, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and *Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland*, 401 F.3d 230, 234-36 & nn. 6-9 (4th Cir. 2005)(collecting cases on standing). Cf. *Inmates v. Sheriff Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

Moreover, since the petitioner is not an attorney admitted to practice before the United States District Court for the District of South Carolina, she may not "represent" her incarcerated

4

brother. *Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2nd Cir. 1997) *pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"), where the Court noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the court." *See also Estate of Kerner v. United States*, 895 F.2d 1159, 1162 & n. 3 (7th Cir. 1990), where the Court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'" For example, it is well settled that a *pro se* litigant may not represent a minor in a civil action. *See, e.g., Tse-Ming Cheung v. Youth Orchestra Foundation of Buffalo*, 906 F.2d 59, 60-61 (2nd Cir. 1990). "A non-attorney parent must be represented by counsel when bringing an action on behalf of a child." *Knox ex rel. Chambers v. Hayward Unified School District*, 1995 U.S.Dist. LEXIS® 8379, 1995 WESTLAW® 364156 (N.D. Cal., June 1, 1995)(collecting cases). Similar case law applies to suits purportedly brought by individual *pro se* litigants on behalf of corporations, partnerships, unincorporated associations, or estates. *See, e.g., First Hartford Corporation Pension Plan and Trust*, 194 F.3d 1279, 1290 (Fed.Cir. 1999) (*pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"); and *cf. Batac Development Corp. v. B&R Consultants, Inc.*, 2000

U.S.Dist. LEXIS® 3695, 2000 WESTLAW® 307400 (S.D.N.Y., March 23, 2000):

> It has uniformly been held by the Second Circuit and all of the other circuits that the provisions of 28 U.S.C. § 1654 * * * prohibit a non-attorney individual from representing a corporation in the federal courts. * * *
>
> Under the weight of this authority, Batac quite plainly cannot represent the interests of the plaintiff in this Court, even though he is the corporation's sole shareholder. This consequence might puzzle Batac who undoubtedly believes that he can fairly and effectively advance the interests of his company in this litigation. But sound reasons exist for this rule. The interests of a corporation and its principal frequently overlap but are not identical in all respects. Thus, requiring separate counsel for a corporation works as an independent safeguard of its interests. Moreover, the Second Circuit has explained that the reasons for requiring a corporate litigant to have legal representation include principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities[.]

*Batac Development Corp. v. B&R Consultants, Inc.*, 2000 WESTLAW® 307400 at *1-*2.

### Recommendation

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process because the petitioner does not have standing to bring suit on behalf of her incarcerated brother. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The petitioner's attention is directed to the Notice on the next page.

February __, 2008  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).